| .BAGNERIS, Judge.
New Orleans Firefighters Association, Local No. 632 seeks to reverse the trial court’s denial of its motion to enforce judgment, which in effect prejudice their legal rights granted by the June 16, 1995 judgment.
STATEMENT OF THE CASE
On or about July 21, 1992 a grievance was filed on behalf of several firefighters with the City of New Orleans. The form listed the aggrieved employees as Thomas Papa, Donald R. Pulliam, Earl P. Valois, Jr., and Charles Parent. The form was signed by a Union Representative and by these four individual firefighters.
*1071 In the grievance, it was alleged that the City of New Orleans was in violation of Article XXX of the Collective Bargaining Agreement between the City of New Orleans and New Orleans Fire Fighters Association Local 632 which requires the City to undertake the filling of budgeted promotional vacancies within ten (10) days of their occurrence. The grievants listed eleven vacancies that were allegedly created between 1-10-91 and 1-9-92 by virtue of the retirement of individuals ^holding the ranks of District Chief, Captain, or Lieutenant. The grievants alleged that the City had failed to initiate the appropriate personnel forms to fill the vacancies. The grievants concluded their grievance with a demand for the City to “comply with its obligations to process the paper work necessary to affect these promotions and others to fill vacancies which may have occurred since the filling (sic) of this grievance.”
The grievance proceeded through the normal channels and on October 21, 1993, a hearing was held before a duly convened fact-finding Board. At the hearing the fact finders heard testimony from both sides and concluded that the grievance presented two issues. The first issue considered by the Board was whether the 16 newly-created positions were ‘budgeted’ positions and to what extent the City was obligated to fill them as they became vacant[1] The second issue was whether this was a group grievance involving only the four named grievants (Papa, Pulliam, Valois, and Parent) or whether it applied more widely.
After hearing testimony and arguments from both sides an “Arbitrator’s Report and Award” was issued on November 8, 1993. In the report, the arbitrator opined that the underlying philosophy of previous grievances was that the City was bound by the provisions concerning promotions found in Article XXX, except, perhaps, in situations of genuine financial circumstances which are beyond the City’s control. The arbitrator noted that no such evidence was presented at the hearing, rather it was apparent that the City had every capability of funding the ^positions. The arbitrator further found that the newly-created positions were indeed “budgeted positions.” Consequently the arbitrator ruled “that the grievance should be sustained and that, absent conditions such as extreme financial crisis, Article XXX of the Collective Bargaining Agreement is controlling.”
However, in reference to whether a remedy should be fashioned for the entire group affected or limited to the four named grievants, the arbitrator stated:
... Regarding the breadth of interpretation of this ‘group grievance,’ Article IX — Employee/Union Grievance Procedure, defines a group grievance as one which ‘ ... involves three or more members and arises from the same situation ... ‘ clearly, therefore, this grievance is a group grievance. However, the remedy, that “... the City comply with its obligations to process the paperwork necessary to affect these promotions and others which may have occurred since the filing of this grievance ...” (emphasis added) seems unduly broad. The grievance was brought on behalf of the four named individuals (Papa, Pul-liam, Valois, Jr., and Parent). Therefore, the remedy applies to them, and other cases should be heard on their merits.
Following the issuance of the report the City promoted three of the named griev-ants, however, the City refused to promote Mr. Valois since he was not on Band 1 of the register and was not eligible for promotion at the time. The City advised the attorney for the grievants that Civil Service had informed the City that it would not approve the promotion of Mr. Valois to Fire Captain since he was only on Band 3 *1072 of the register. The City adhered to the position that since Civil Service Rules have the force and effect of law, they rendered the arbitrator’s decision invalid as it applied to Mr. Valois.
Subsequently, the New Orleans Firefighters Association Local 632, AFL-jCIO,4 a labor organization and several individual firefighters and fire operators who alleged that they were eligible for promotion to the rank of fire captain instituted litigation against the City of New Orleans. The trial court granted the motion for summary judgment filed by the plaintiffs and ruled, in part that:
... The plaintiffs entitled (sic) to and granted the relief prayed for therein, and that the City of New Orleans immediately promote to the rank of Fire Captain, with all back pay and emoluments of office, all of those individuals in that rank or higher ranks since the date of the initial vacancies in those ranks as set forth in the “Fact Finders’ Report and Award.”
On September 17, 1997, the New Orleans Firefighters Association filed a motion to enforce judgment, seeking accurate seniority/ promotion dates and back pay, and the five percentage raise for those specific individuals. The trial court denied the motion to enforce judgment. The New Orleans Firefighters Association now appeals the trial court’s denial of its motion to enforce judgment.
PROCEDURAL DEFECT
LSA-C.C.P. art. 1841 provides that appeals lie from final judgments only. A Final judgment determines the merits of the proceeding in whole or in part, Brennan v. Shell Offshore, Inc., 93-1525 (La.App.4 Cir. 3/29/94), 635 So.2d 429, 431, when ruling decided preliminary matters/ and such matters do not cause irreparable injury, these rulings are interlocutory and non-appealable. LSA-C.C.P. art.2083.
In the present case, the New Orleans Firefighters Association filed a rule for contempt against the City of New Orleans for failure to comply with the June 16, 1995 judgment. On September 24, 1996 the trial court held a status conference, | sboth sides were present and presented arguments in support of their respective positions. The trial court took the matter under advisement rendering judgment on December 17, 1996, in favor of the New Orleans Firefighters Associations. The City of New Orleans did not appeal the trial court ruling.
The City filed a motion to reset the hearing on the rule for contempt. Later, the City filed a motion for new trial. The city argued that the trial court held no contradictory hearing. Further, the City argues that Notice of Signing of Judgment was not mailed until January 14, 1997, although the judgment was signed on December 17,1996.
On April 30, 1997 the City of New Orleans and the New Orleans Firefighters filed a motion to enforce judgment. The New Orleans Firefighters Association argued that some of the plaintiffs were denied full relief, specifically, accurate seniority, promotion date, and retroactive pay. On June 26, 1998 judgment was rendered on the motion to enforce judgment, the trial court denied the motion. The New Orleans Firefighters Association appeals the denial of the motion to enforce judgment.
After reviewing the record, we find that the judgment denying the motion to enforce judgment was an Interlocutory Judgment. The proper method to use when seeking review of an Interlocutory Judgment is to apply for supervisory writs. Ducksworth v. Ducksworth, 98-1812 (La.App.4Cir.1/27/99), 727 So.2d 1254; Fountain v. Waguespack, 93-1077 (La.App.4Cir.7/8/94), 639 So.2d 882. Nevertheless, this court may in the interest of judicial economy, exercise it’s supervisory jurisdiction and convert the appeal to a writ. Laborde v. DeBlanc, 532 So.2d 829 (La.App.4th Cir.1988); Krueger v. Chehadeh, 563 So.2d 1358 (La.App.n 4 Cir.1990). Therefore, we convert this appeal to a writ because of our discretionary supervisory *1073 jurisdiction and in the interest of judicial economy.

DISCUSSION

The New Orleans Firefighters Association contends the trial court erred in denying its motion to enforce judgment, thereby prejudicing its legal rights granted pursuant to the June 16, 1995 Judgment. The New Orleans Firefighters Association argues that the June 16, 1995 judgment was not enforced fully or fairly as to all members. As seniority determines who was promoted first, and as the date of promotion correlates with pay and emoluments, it was denied the full effect of the judgment in its favor.
The New Orleans Firefighters Association contends that some of the plaintiffs were denied the benefit of a five-percent pay increase which members below them in seniority did receive by merit of their retroactive promotions in December 17, 1996 judgment.
A Court of Appeal may not set aside a trial court’s ruling of finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). The Louisiana Supreme Court announced a two-part test for the reversal of a factfinder’s determination:
(1) The Appellate Court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) The Appellate Court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that the appellate court must do more than simply review the record for some evidence which supports or controverts the trial court’s |7finding. Id. The appellate court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by the Appellate Court is not whether the trial court was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State of Louisiana, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). This well settled principle of review is based upon the trial court’s better capacity to evaluate live witness in contrast to the Appellate Court’s review of a cold record. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In the present case, the New Orleans Firefighters Association, filed a motion to enforce judgment. The New Orleans Firefighters Association argued that the judgment was granted in favor of all the plaintiffs. However, the city in effecting the judgment inadvertently excluded those plaintiffs who were Ranked Captains at the time of the settlement agreement. The New Orleans Firefighters Association contends that these plaintiffs (Ranked Captains) did not receive the five-percent raise awarded to them pursuit the judgment rendered by the trial court
Thus, we find that the trial court erred in its denial of the motion to enforce judgment. Therefore, we remand this matter to the trial court for determination of amount of entitlement of the Ranked Captains who did not receive the five-percent raise pursuit to the judgment.
APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; REVERSED AND REMANDED.
^CONSIDERING THE FOREGOING REHEARING APPLICATION filed by the appellants, New Orleans firefighters Association, Local 632 et al., the application is GRANTED for the sole purpose of clarifying the opinion of this Court rendered on November 24, 1999. The opinion rendered on November 24, 1999 by this Court, reversed and remanded to the trial court for a determination of the amount of entitlement of the Ranked Captains who did not receive the five-percent raises. *1074 Our opinion excluded the other benefits received by the newly promoted captains.
Accordingly, we affirm our determination that the judgment of the trial court is reversed and this case is remanded to the trial court for a determination of entitlement of the amount of back pay, adjustment of seniority/promotion and a five percent raise in accordance with the June 16, 1995 judgment. This opinion effects only the nineteen named Ranked Fire Captains who were omitted from the June 16, 1995 judgment.
In all other respects of this application for rehearing, the application for rehearing filed by the appellees, the City of New Orleans and the suggestion of joinder of the New Orleans Firefighters Association as an indispensable party on the court’s own motion are hereby DENIED.
/s/ Dennis R. Bagneris, Sr. Judge Dennis R. Bagneris, Sr.
/s/ Charles R. Jones Judge Charles R. Jones
/s/ Robert A. Katz Judge Robert A. Katz
JONES, J., concurs in the result.

. The City had argued the positions were temporary positions that existed as a result of the promotion of persons so as to accommodate an affirmative action program and that it was intended that these positions would be eliminated through attrition.