925 So.2d 757 (2006)
NEW ORLEANS FIREFIGHTERS ASSOCIATION LOCAL 632, AFL-CIO, and Steven Glynn, John Weinmann, Robert Volante, Glenn Trainor, Dean Dearmond, Terry Paternastro, Keith Trainor, Patrick Lampard, Barry Caruso, Donald Veazey, George Helm, et al.
v.
The CITY OF NEW ORLEANS.
No. 2004-CA-2078.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2006.
Rehearing Denied April 6, 2006.
*758 Frank G. DeSalvo, Robert P. Blackburn, DeSalvo Desalvo & Blackburn, APLC, New Orleans, LA, for Plaintiff/Appellant.
Sherry S. Landry, City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Heather M. Valliant, Assistant City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO JR., Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from the contentious and continuing litigation between the City of New Orleans ("City"), the New Orleans Firefighters Association Local 632 ("Union"), and individual firefighters regarding the entitlement to emoluments of the office.[1] This Court ordered the City to award certain emoluments of office, including a five percent pay raise, to the firefighters in the present case. On remand, the trial court awarded all emoluments of office, except the five percent pay raise, and failed to quantify the amount of money due or determine the dates of retroactive ranking. The trial court denied the City's assertion of res judicata. We find that res judicata is not applicable because the firefighters in the present appeal were not included in a prior settlement agreement. We affirm as amended to award the five percent pay raise. We also remand for the exact determination of the emoluments.

FACTS AND PROCEDURAL HISTORY
The City and twenty named plaintiff firefighters[2] ("Firefighters") appeal a
*759 February 11, 2003 trial court judgment which ordered the City to award back pay, adjust the seniority dates as to the twenty firefighters named in the judgment, and to otherwise enforce the underlying judgment from June 16, 1995.[3] The trial court dismissed the City's exception of res judicata as to the Firefighters' claims and ordered the City to comply within sixty days. The City's suspensive appeal and the Firefighters' devolutive appeal timely followed. The Union is not a party in this appeal.

STANDARD OF REVIEW
The standard of review for the peremptory exception of res judicata requires this Court to determine if the "trial court's decision is legally correct or incorrect." Glass v. Alton Ochsner Med. Found., 04-1824, p. 5 (La.App. 4 Cir. 6/1/05); 907 So.2d 782, 785. Additionally, Louisiana law provides "[t]he doctrine of res judicata is stricti juris and any doubts concerning the application of this principle must be resolved against its application." Alonzo v. State of Louisiana, ex rel. Dep't of Natural Resources, 02-0527, p. 8 (La. App. 4 Cir. 9/8/04); 884 So.2d 634, 638.

RES JUDICATA
Res judicata applies when a final judgment precludes the same parties from reasserting the same claims in subsequent litigation. LSA-R.S. 13:4231.[4] The Louisiana Supreme Court has held that a valid transaction or compromise can form the basis of a res judicata exception. Ortego v. State Dep't of Transp. and Dev., 96-1322 (La.2/25/97); 689 So.2d 1358, 1364. Louisiana's codified law confirms this assertion. La. C.C. Art. 3071; 3078.[5] However, *760 a settlement made by one party does not preclude the other parties from further litigation. La. C.C. Art. 3077.[6] Consequently, the City cannot preclude the Firefighters from asserting their rights based upon a settlement if they were not a party.
The City entered into the settlement agreement on April 30, 1997, with the Union and sixteen firefighters, not included in the present appeal, to settle "various grievances and contract disputes" stemming from the 1995 judgment. The City contends the agreement extinguished all future litigation concerning the 1995 judgment and that it included all the plaintiffs named in the original suit. However, the City admits that the Firefighters in the present case were omitted because they "no longer held any viable claims."
Two representatives signed this agreement. The City Attorney for the City of New Orleans signed in his capacity. Louis L. Robein, Jr., who represented the Union and all of the originally named firefighter plaintiffs, signed the agreement in his capacity as counsel for the Union. The signature block reads: FOR THE UNION: BY: ITS ATTORNEY, LOUIS L. ROBEIN, JR. The record is void of evidence indicating the Firefighters' intent of being a party to the settlement and no attorney signed the settlement representing the rights of the individual firefighter plaintiffs.
In the case sub judice, the Firefighters were not a party to the settlement agreement. The settlement involved a group of sixteen named plaintiffs involved in the original 1995 suit, but the City omitted the Firefighters involved in this appeal. The exception of res judicata requires the parties in the settlement and the suit to be identical. LSA-R.S. 13:4231. Thus, it is not conclusive as to the omitted parties. La. C.C. Art. 3077. The record also lacks evidence of the Firefighters' consideration or intent to enter into the settlement. Lastly, the settlement lacks a signature that waives the Firefighters' rights. Any doubt of applying res judicata must weigh against its application. Alonzo, 884 So.2d at 638. The lack of the Firefighters' intent and a signature on their behalf presents doubt. We find no legal error in the trial court's dismissal of the City's exception of res judicata.

DETERMINATION OF EMOLUMENTS
The Firefighters seek a clarification of this Court's earlier opinion to determine if they are entitled to the five percent pay increase and an evidentiary hearing to quantify the three other emoluments of office. This Court's opinion, later clarified on rehearing, New Orleans Firefighters Ass'n Local 632 v. City of New Orleans, 99-0011 (La.App. 4 Cir. 11/24/99); 750 So.2d 1069, reh'g granted in part and denied in part, 750 So.2d 1069, 1073 (La. App. 4 Cir. 2/2/00), states:
[W]e affirm our determination that the judgment of the trial court is reversed and this case is remanded to the trial court for a determination of entitlement of the amount of back pay, adjustment of seniority/promotion and a five percent raise in accordance with the June 16, 1995 judgment.
Id. at 1074. The trial court failed to include the five percent raise which sought to enforce the 1995 judgment and comply with this Court's order.

*761 DECREE
We affirm the trial court's order and amend the judgment to award the Firefighters the five percent pay raise.
We remand and order the trial court, in accordance with this Court's order of February 2, 2000, to determine: 1) the date each of the Firefighters should have been promoted; 2) the amount of back pay due to each of the Firefighters; and 3) the amount of lost wages owed to the Firefighters who were denied the five percent pay raise.
AFFIRMED AND AMENDED IN PART; REMANDED.
NOTES
[1] The history and facts of this case are reported at New Orleans Firefighters Ass'n Local 632 v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 11/24/99); 750 So.2d 1069, reh'g granted in part and denied in part, 750 So.2d 1069, 1073 (La.App. 4 Cir. 2/2/00).
[2] The named firefighters in this appeal include Murphy Arcenaux, III, Ricky Berrigan, Gary Savelle, Joseph Fincher, Donald Veazy, Robert Volante, Patrick Lampard, Robert Eiserloh, Mark Calamari, Chris Mickal, Timothy McConnell, Louis Nugent, Terry Paternastro, Addis Casey, Alden Lombard, Gregory Choina, Dean Dearmond, John Petruska, Barry Caruso, and Keith Trainor.
[3] The case, sub judice, began with the 1995 judgment. The trial court granted the Firefighters' Motion for Summary Judgment which required the City to "immediately promote to the rank of Fire Captain, with all back pay and emoluments of office, all of those individuals whose names appear on the roster of eligibles established by the City Civil Service Commission. . . ."
[4] LSA-R.S. 13:4231: Res judicata

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[5] La. C.C. Art. 3071: Transaction or compromise, definition

A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
La. C.C. Art. 3078: Res judicata; error; lesion
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
[6] La. C.C. Art. 3077: Transaction by one of interested parties, effect as to others

A transaction made by one of the interested parties is not binding for the others, and can not be opposed by them.