985 So.2d 1263 (2008)
Guido A. SUTTER
v.
DANE INVESTMENTS, INC.
Dane Investments LLC, Formerly Dane Investments Incorporated
v.
Guido A. Sutter.
Nos. 2007-CA-1268, 2007-CA-1269.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2008.
Rehearing Denied August 6, 2008.
*1264 John A.E. Davidson, John Davidson and Associates, Metairie, LA, for Guido A. Sutter.
George V. Perez, Jr., New Orleans, LA, for Dane Investments, LLC.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from a tax sale, by which Guido A. Sutter purchased the property located at 300 lake Marina Tower, Unit 4-B East, New Orleans at a sale for delinquent property and ad valorem taxes owed by Dane Investments, Inc.[1] Guido A. Sutter later brought an action to confirm his tax title and obtained a default judgment. Dane Investments, Inc. later filed an action to declare the aforementioned tax sale a nullity, for injunctive relief, and a temporary restraining order to prevent the enforcement of the order of possession that Guido A. Sutter had obtained. Guido A. Sutter filed exceptions of prescription *1265 and res judicata, which were denied, and he sought a supervisory writ from this Court. This Court granted the writ, but declined to grant Guido A. Sutter the relief he sought. Accordingly, the matter proceeded to trial, and the trial court rendered a judgment, vacating the default judgment in favor of Guido A. Sutter and declaring the tax sale null, which Mr. Sutter appeals. We find no error in the trial court's judgment and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On November 14, 1994, appellant, Guido A. Sutter ("Sutter") acquired the property located at 300 Lake Marina Tower, Unit 4-B East, New Orleans ("the property") at a tax sale conducted by the City of New Orleans for unpaid 1993 ad valorem and real estate taxes. The tax deed was duly recorded on September 12, 1995. The property was not redeemed.
The tax sale by which Sutter acquired the property showed Leonard B. Smith et. al as the assessed owner of the property. In fact, the appellee, Dane Investments, Inc. ("Dane") acquired the property from Leonard Smith, et. al through a sale on December 31, 1991. This sale was not registered until January 13, 1992.
On May 6, 2003, Sutter brought an action to confirm his tax title, and Dane was named as defendant in Sutter's action to confirm his tax title. Service of process was effected on Dane through the Secretary of State and a default judgment was rendered in favor of Sutter on August 8, 2003. No appeal was taken from that August 8, 2003 judgment.
On July 1, 2004, Greg Wilt, president of Dane Investments, LLC filed suit seeking to declare the tax sale to Sutter a nullity and injunctive relief, as well as a temporary restraining order to prevent enforcement of an order of possession obtained by Sutter. Sutter filed an exception of res judicata and prescription, and the trial court denied this exception on July 21, 2004. Sutter sought and was granted writs by this Court on the exception of res judicata and prescription. This Court declined to grant the relief sought by Plaintiff, but preserved his right to reargue his exception following trial on the merits. Both parties sought summary judgment, and the trial court denied both motions for summary judgment on August 7, 2006. Sutter sought supervisory writs from this Court. The writ application was denied. The matter proceeded to trial on May 8, 2007, and the trial court rendered judgment declaring the tax sale an absolute nullity, and vacating the previous default judgment in favor of Sutter.[2] This timely devolutive appeal followed.

STANDARD OF REVIEW
"The standard of review for the peremptory exception of res judicata requires this Court to determine if the `trial court's decision is legally correct or incorrect.'" New Orleans Firefighters Ass'n v. City of New Orleans, 04-2078, p. 2 (La. App. 4 Cir. 3/15/06), 925 So.2d 757, 759 (quoting, Glass v. Alton Ochsner Med. Found., 04-1824, p. 5 (La.App. 4 Cir. 6/1/05), 907 So.2d 782, 785). The doctrine of res judicata is stricti juris; any doubt concerning application of this principle must be resolved against its application. *1266 Spear v. Prudential Poperty and Cas. Ins. Co, 98-1663, p. 3 (La.App. 4 Cir. 1/13/99), 727 So. 640, 642. Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. Kelty v. Brumfield, 93-1142 p. 8 (La.2/25/94), 633 So.2d 1210, 1215.

LAW GOVERNING TAX SALES
The appellant argues that no basis for annulling Sutter's valid judgment confirming the tax sale was pled or proved. The appellant asserts that the default judgment obtained by appellant precluded appellee from bringing an action to annul the tax sale.
Louisiana has a long-standing policy to make certain and protect the title to immovable property. Harris v. Estate of Fuller, 532 So.2d 1367 (La.1988). Concerning tax sales, Article 7, Sec. 25, (B) of the Louisiana Constitution states:
"The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." Article 7, Sec. 25, (C) of the Louisiana Constitution further provides that a tax debtor can institute a proceeding to annul the tax sale within five years of recordation of the tax deed.
The Louisiana Supreme Court addressed these provisions in Securities Mortg. Co., Inc. v. Triplett, 374 So.2d 1226, 1231 (La.1979), stating that:
"The tax debtor's only recourse once the three year period has run and he has failed to redeem, is to bring an action attacking the validity of the tax sale. As stated previously, this action must be brought within five years from the date of recordation of the tax deed, unless this period has been interrupted by the physical possession of the property by the debtor." (Emphasis added).
The appellant is incorrect in asserting that the appellee was precluded from bringing an action to annul the tax sale. In the instant matter, the debtor's three-year prescriptive period had run, and as required by law, the appellee brought a direct action attacking the validity of the sale within the five year prescriptive period. Therefore, we find that the appellee's action was proper.

NULLITY OF THE TAX SALE
The appellant, Sutter, contends that the judgment of the trial court that set aside the default judgment confirming his tax title and declared his tax sale an absolute nullity was erroneous. To support this contention, the appellant argues that the fact that Dane did not receive notice is insufficient to overturn tax title. Therefore, the critical issue on appeal is whether the trial judge committed manifest error in determining that the actions taken did not constitute reasonable notice to Dane, therefore invalidating the tax sale.
Dane contends that it did not receive notice of the initial tax sale in 1994. No evidence to the contrary was presented at trial.
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court recognized that the sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment[3]. The Court held *1267 that prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment, a state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.
The State of Louisiana also requires notice to the record owner of property. Specifically, La. Const. art. VII, § 25 requires the tax collector to provide notice to a delinquent taxpayer. In pertinent part, La. Const. art. VII, § 25(A) states:
(A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due (emphasis added).
La. Const. Art. VII, Section 25(C) provides, in part, that no sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale (emphasis added). Further, in enacting La.Rev.Stat. 47:2180, the Legislature established the manner in which notice of delinquency of immovable property taxes is to be provided in compliance with La. Const. art. VII, § 25. "In sum, notice is a constitutional requirement, and want of notice is fatal to a tax sale." Lewis v. Succession of Johnson, 05-1192, p. 8 (La.4/4/06) 925 So.2d 1172, 1177 (citing, Adsit v. Park, 81 So. 430, 144 La. 934 (1919)).
Moreover, the seeming purpose of the notice requirement is to ensure that tax debtors are aware of their right to redeem their property and to give tax debtors notice of the opportunity exercise that right if they opt to do so. In the instant matter, the tax collector's failure to perform its mandatory duty resulted in a "fatal defect in the proceedings, and deprived a tax debtor of a valuable safeguard granted by the Legislature." Hamilton v. Royal Inter. Petroleum Corp., 03-2660, p. 7 (La.App. 4 Cir. 3/2/05) 906 So.2d 627, 633.
We conclude that the absence of notice of tax delinquency and subsequent tax sale offended Dane's rights to due process. As no evidence was presented at trial of notice given to Dane as required by law, we find no error in the trial judge's decision to annul the tax sale.

RES JUDICATA
Sutter asserts that the trial court erred in denying his exception of res judicata as to Dane's action to nullify the tax sale. Sutter contends that Dane's attempt to nullify the tax sale should have been barred under Louisiana's res judicata statute since Dane's claim to annul the tax sale arose out of the same facts and circumstances as Sutter's suit to confirm tax title. Sutter also maintains that the trial court lacked authority to vacate a "valid judgment" unless a suit to annul a judgment or appeal is filed.
Dane counters by asserting that an absolutely null tax sale could not produce a valid, final judgment with the effect of *1268 barring future claims. Dane reasons that, based on the general principle that a contract that is absolutely null may not be confirmed, the default judgment obtained by Sutter was likewise a nullity and could produce no effect and could properly be set aside. We agree.
The trial court determined that although Sutter obtained a valid judgment to quiet title, it failed to cure any defects that existed in the underlying tax sale. The trial court, therefore, vacated Sutter's judgment, and we find no error this action.
Res judicata can be urged via peremptory exception under CCP art. 927. This exception can be used by one party to extinguish the claim of another party on the grounds that the claim has already been litigated.
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
For the purposes of res judicata, a "valid judgment" is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. Wooley v. State Farm Fire and Cas. Ins. Co., 04-882 (La.1/19/05), 893 So.2d 746. A judgment that determines the merits in whole or in part is a final judgment. La.Code Civ. Proc. art. 1841.
However, the validity of the judgment to quiet title entered in favor of Sutter was called into question on the grounds of lack of notice to Dane. Due to this, the judgment was subsequently invalidated and the tax sale was annulled. Louisiana Civ. Code. art. 2030, provides, in pertinent part, that "[a] contract that is absolutely null may not be confirmed." Given that, because the tax sale is null, then for purposes of res judicata, where the validity of the judgment is called into question, there is no res judicata. We find that the underlying nullity of the contract, i.e., the tax sale, makes the judgment confirming the title acquired from this null tax sale invalid. Thus, the trial court's decision setting aside Sutter's default judgment confirming his tax title and declaring that tax sale an absolute nullity was proper.

VALIDITY OF THE TAX TITLE
Tax title validity is an issue relevant post-tax sale, as there is no tax title to a property for which a valid sale has not occurred. Therefore, the aforementioned findings on the nullity of the tax sale pretermit any need for a discussion of the validity of Sutter's tax title.

DECREE
By failing to provide Dane with notice, Dane's rights to due process guaranteed by the United States Constitution were *1269 infringed upon. Accordingly, under the facts of this case, we hold that the tax collector failed to provide Dane with reasonable notice that the subject property would be sold for delinquent taxes owed. Therefore, we conclude that the trial court was legally correct in setting aside Sutter's default judgment confirming his tax title, and the trial court's declaration that the tax sale was an absolute nullity was also legally correct. We affirm the judgment of the trial court declaring the sale of the property to Sutter to be null and void.
AFFIRMED.
NOTES
[1] Dane Investment, Inc. was converted to Dane Investment, LLC.
[2] The trial court, seemingly in error, referred to a judgment of August 7, 2006, however, there is no record of any judgment from that date. The parties, in their briefs, draw the reasonable inference that this was a mistaken reference to the default judgment entered on August 8, 2003, confirming and quieting the tax title. Incidentally, August 7, 2006 was the date when both parties motions for summary judgment were denied. It does not stand to reason that the trial court intentionally referred to this date.
[3] The Fourteenth Amendment to the United States Constitution states: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.