STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-374


MARIA GUADALUPE REYES-RAMIREZ, ET AL.

VERSUS

PROGRESSIVE SECURITY INSURANCE CO., ET AL.


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-3450
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE


************


MICHAEL G. SULLIVAN
JUDGE


************


Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.


REVERSED AND REMANDED.

John W. Redmann
Law Offices of John W. Redmann
2901 N. Causeway Blvd., Suite 201
Metairie, Louisiana  70002
(504) 433-5550
Counsel for Plaintiffs/Appellants:
        Maria Guadalupe Reyes-Ramirez
        Jose Luis Baez-Acuna
        Yolanda Reyes-Ramirez De Baez


V. Ed McGuire, III
Plauché, Smith & Nieset
1123 Pithon Street
Lake Charles, Louisiana  70601
(337) 436-0522
Counsel for Defendants/Appellees:
        Progressive Security Insurance Company
        Greta E. Painter

**SULLIVAN, Judge.**

Plaintiffs appeal the trial court's grant of Defendants' exception of res judicata, which asserted that Plaintiffs' reservation of rights in releases they signed did not reserve them the right to thereafter pursue claims for exemplary damages against Defendants. For the following reasons, we reverse the trial court's judgment.

### *Facts*

Jose Luis Baez-Acuna, Yolanda Reyes-Ramirez, their minor son, Jose Luis Baez-Reyes, and Maria Guadalupe Reyes-Ramirez were injured in an automobile accident in Calcasieu Parish on July 31, 2005. They all filed suit against the driver of the other automobile involved in the accident and her insurer to recover damages they allegedly suffered as a result of the accident. They also asserted a claim for exemplary damages, alleging that the other driver's intoxication caused the accident.[1]

On September 20, 2006, Plaintiffs signed releases prepared by Defendants *after* inserting additional language. As written by Defendants, the releases provided in pertinent part:

> [Plaintiff . . . does] forever release, acquit, discharge and agree to hold harmless . . . from any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of wages, expenses, hospital and medical expenses, loss of consortium, loss of service, any compensation whatsoever, known or unknown, which the undersigned now has (have) or which may hereafter accrue on account of or in any way arising of an accident which occurred on or about July 21, 2005, at or near Interstate 10, Calcasieu Parish, State of Louisiana.

---

[1]Exemplary damages are provided for by La.Civ.Code 2315.4 which states:
> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

1

Plaintiffs inserted an asterisk after the above-quoted paragraph and another asterisk at the bottom of each release and thereafter inserted the following language: "Note - this release is with regard to Bodily Injury claims only, and any & all Rights with regard to the property claim are reserved." Upon receipt of the executed releases, Defendants issued payment to Plaintiffs.

On January 16, 2007, Plaintiffs filed a motion to compel discovery. Defendants responded by filing an exception of res judicata, seeking dismissal of Plaintiffs' petition for damages on the ground that Plaintiffs "have already resolved all claims asserted" in their petition for damages. Plaintiffs, Jose Luis Baez-Acuna and Yolanda Reyes-Ramirez, then filed a first supplemental and amending petition for damages "solely for purposes of pursuing their property damage claim and exemplary damages claims flowing from the property damage claim." Plaintiffs averred in their first supplemental and amending petition for damages that all of their minor son's and Maria Guadalupe Reyes-Ramirez's claims were "fully and finally settled" and that they are no longer Plaintiffs in this litigation.

After a hearing, the trial court denied Plaintiffs' motion to compel and granted Defendants' exception of res judicata with regard to Plaintiffs' claims for exemplary damages, dismissing those claims. Plaintiffs appeal. They urge that the trial court erred in dismissing their claims for exemplary damages because they intended to release only their claims for bodily injury and to reserve their claims for property damage and exemplary damages. Alternatively, they urge that exceptional circumstances justify relief from the res judicata effect of their settlements.

2

### Standard of Review

Appellate courts review a trial court's grant of an exception of res judicata to determine if it is "legally correct or incorrect." *New Orleans Firefighters Ass'n v. City of New Orleans*, 04-2078, p. 2 (La.App. 4 Cir. 3/15/06), 925 So.2d 757, 759, *writ denied*, 06-1067 (La. 6/23/06), 930 So.2d 986 (quoting *Glass v. Alton Ochsner Med. Found.*, 04-1824, p. 5 (La.App. 4 Cir. 6/1/05), 907 So.2d 782, 785).

### Discussion

Plaintiffs argue that when they signed their release they released their claims for bodily injuries, not their claims for property damages and exemplary damages, and that the language they added to the releases evidence that intent. They also urge that correspondence directed to Defendants establishes what their intent was when they executed the releases. Defendants dispute that Plaintiffs reserved their claims for exemplary damages when they executed their releases but do not dispute that Plaintiffs reserved their property damage claim.

A transaction or compromise, which is a contract which settles a dispute, can serve as the basis for an exception of res judicata. La.Civ.Code art. 3071; *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741. "A compromise settles only those differences that the parties clearly intended to settle." La.Civ.Code art. 3076. Being a contract, a compromise is interpreted by determining the common intent of the parties. La.Civ.Code art. 2045; *Brown*, 630 So.2d 741. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046.

3

In *Brown,* 630 So.2d at 748 (citation omitted), the supreme court explained how a court determines the extent of a compromise agreement pursuant to La.Civ.Code art. 3073:

> [A] compromise agreement extends only to those matters that the parties expressly intended to settle and . . . the scope of the transaction cannot be extended by implication. More precisely, LSA-C.C. Art. 3073 set[s] forth the following four factors to be considered in determining the scope of a compromise instrument:
>
>> [1] Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties,
>>
>> [2] whether it be explained in a general or particular manner,
>>
>> [3] unless it be the necessary consequence of what is expressed; and
>>
>> [4] they do not extend to differences which the parties never intended to include in them.

The supreme court then observed that "the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling." *Id.*

Plaintiffs urge that their intent is clearly reflected in correspondence they directed to defense counsel concerning the settlement and release of their claims. We cannot consider the content of that correspondence because the parties' intent is "determined from the four corners of the instrument, and extrinsic (parol) evidence is inadmissible either to explain or contradict the terms of the instrument." *Id.* Further, while an exception has been developed jurisprudentially which allows the consideration of extrinsic evidence when the scope of the compromise agreement is at issue, *Moak v. American Automobile Insurance Co.*, 242 La. 160, 134 So.2d 911

4

(1961), Plaintiffs cannot avail themselves of this exception because their counsel did not attend the hearing on the exception of res judicata and introduce evidence.

> Appellate courts are courts of record, [which] must render judgment based on the record on appeal. La.Code Civ.P. art. 2164. We may not review evidence that is not in the record, and we may not receive new evidence. Moreover, we may not even consider exhibits filed in the record if those exhibits were not also filed into evidence, unless we are otherwise authorized by law to do so (as in summary judgment procedure).

*Sutton's Steel & Supply, Inc. v. Bellsouth Mobility, Inc.*, 00-511, 00-898, p. 4 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, 592, *writ denied*, 01-0152 (La. 3/16/01), 787 So.2d 316 (case citations omitted).

The language inserted by Plaintiffs renders the release equivocal. It begins, "this release is with regard to <u>Bodily Injury</u> claims only" but continues and reserves "any & all Rights with regard to the property claim." The first portion of the statement supports Plaintiffs' claim that they released only their claims for bodily injuries and reserved their claims for exemplary damages and property damages, while the second portion supports Defendants' claims Plaintiffs reserved only their rights regarding their property damage claim.

The burden of proof is on Defendants to establish that Plaintiffs' claims for exemplary damages are res judicata. *Mundell v. Mundell*, 03-631 (La.App. 3 Cir. 11/5/03), 858 So.2d 768. The doctrine of res judicata is interpreted *stricti juris*, and any doubt regarding whether its requirements have been met must be resolved in favor of maintaining the action. *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So.2d 1210. The doctrine is inapplicable unless all of its "essential elements" are proven "beyond all question." *Id.* at 1215.

Defendants failed to meet their burden of proving "beyond all question" that Plaintiffs released their claims for exemplary damages because a question remains as to whether Plaintiffs released only their bodily injury claims or whether they reserved only their property damage claims. Accordingly, the trial court committed legal error when it granted the exception of res judicata.

### *Disposition*

The trial court's judgment dismissing Plaintiffs' claims for exemplary damages is reversed, and this matter is remanded for further proceedings. All costs are assessed to Defendants.

**REVERSED AND REMANDED.**