EDWIN A. LOMBARD, Judge.
|¶ The Appellant, the City of New Orleans (“the City”), seeks review of the December 16, 2014 judgment of the district court granting summary judgment in favor of Keidra Phillips and the Succession of William E.' Phillips, the Appellees. Pursuant to our de novo review, we find that genuine issues of material fact exist; thus, we reverse the judgment of the district court and reniánd' for further proceedings.
This appeal involves the seizure and sheriffs sale of 2439 General Taylor St; (“the Property”), which is located in New Orleans. The Property was owned by William E; Phillips, who died on October 18, 2008, while residing in Evanston, Illinois. Mr. Phillips was listed as the owner of the Property in the Orleans Parish conveyance and mortgage records[1] as well as in the Orleans Parish Assessor’s Office (“the Assessor’s Office”) with the following mailing address: 2434 Penistpn Street, New Orleans, Louisiana 70115.
' Keidra Phillips (“Miss Phillips”) is the daughter of Mr. Phillips. Following his death, she served as the attorney of record and independent administrator for |2his succession in Civil District Court case numbers 2009-3175 and 2009-4307, respectively. In case number 2009-3175, a Judgment of Possession rendered on February 24, 2012, placed Miss Phillips in possession of the Property. The Judgment of Possession was recorded in Orleans Parish conveyance records on September 17, 2013.
However, between the time of Mr. Phillips’ death and the recordation of the Judgment of Possession, the City inspected the Property in February 2010. Discovering the Property was abandoned and unoccupied, the City issued a citation for several violations of the City’s Code of Ordinances. Notice of the Violations and a Hearing Notice were sent to the owner of record, Mr. Phillips, at 2434 Peniston Street. The City also sent an additional Notice of Violations to Mr. Phillips via certified mail to an address in. Stow, Ohio.
In April 2010, the* Property was re-inspected and code violations were still present. An administrative hearing held in May 2010 resulted in a conditional guilty determination pending proof of substantial work in progress. The Property was later adjudicated blighted by a judgment rendered on July 14, 2010 and signed on July 21, 2010.
Thereafter, in December 2010, the City filed a Request for Issuance of Writ of Fieri Facias in Civil District Court, case number 2010-12890, City of New Orleans v. William E. Phillips.[2] Keith A. Doley, Esq., was appointed as curator ad hoc in the writ proceeding .in March 2011. Mr. Doley was naturally unable to locate Mr. Phillips, whose death the City claims to have been unaware of at the |stime. An initial sale of the Property was scheduled for June 14, 2011, but the sale did not *1257 proceed because the writ was not yet issued.
Mr. Doleos Affidavit of Results and Fulfillment of -Duties (“the Affidavit”), notarized on June 27, 2011, ' reflects that he served Mr. Phillips through an' express mail letter sent to Miss Phillips at a Pear-land, Texas address. He further' attested that her name was listed in the Assessor’s Office’s records to receive mail on behalf of her father for the Property, Lastly, he attested that:
an express mail letter was received at 11804 Crescent Cove Dr,, Pearland, TX 77584, the address of Keidra J. Phillips on behalf of William E. Phillips, on June 10, 2011 and signed for by KaRon Smith, who lives at the- address in Pearland, Tx. with Keidra Phillips.
The Affidavit further states that ads were placed in the Time Picayune from May ISIS, 2011. Apparently, the writ was subsequently issued.[3]
Thereafter, the Property was set for sheriffs sale on August 15, 2012, but was not sold. On September 5,2018, the Property was purchased by David M. Waldheim for $67,000 at sheriffs sale. Mr. Waldheim’s purchase occurred approximately two weeks before Miss Phillips’ Judgment of Possession was recordéd. 'Miss Phillips represents that at'the time of the sheriffs sale, she had .renovated the Property, obtained an occupancy permit and was renting out the Property to a tenant.
The Appellees filed a Petition to Annul Sheriffs Sale, For Damages and Injunc-tive Relief against the City, the Sheriff for the Parish of Orleans and Mr. Waldheim in October 2013.. Thereafter, the Appellees moved for summary judgment against the City and Mr. Waldheim asserting that there was an | ¿unconstitutional taking of the Property without due process notice to Mr. Phillips and the Appellees of the administrative hearing, blight judgment, the issuance of the writ of fieri facias and the Sheriffs sale. The district-court granted the motion finding that the Appellees were not provided adequate notice.
This timely suspensive appeal followed. The sole assignment of error raised by the City is that the trial court committed manifest error when it found that the Appel-lees had not been served with proper notice of the seizure and subsequent sheriff sale of the Property.
Motion for Summary Judgment Standard of Review
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on .file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. Code Civ. Proc. art. 966 B(2), The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. La.Code Civ. Proc. art. 966 C(2).
If the movant makes a prima facie showing that the motion should be granted, the burden then shifts to the non-moving party to produce evidence demonstrating that a material factual issue remains; the .failure to do so mandates granting of the motion. Surcouf v. Darling, 15-0278, p. 13 (La.App. 4 Cir. 10/21/15), 177 So.3d 1085, 1093. The non-moving party’s response may not rest on the allegations or denials contained in his pleading, but must set forth, by affidavit or otherwise provided by law, specific facts *1258 showing that there is a genuine issue of material fact for trial. Id. (citing La.Code Civ. Proc. art. 967 B). Appellate courts review a judgment granting or denying a motion for summary judgment de novo, under the same criteria that govern the trial court’s | .^determination of whether summary judgment is appropriate. Id., 15-0278, p. 12, 177 So.3d at 1093 [citations omitted].
Due Process Notice
The City argues that the trial court erred in granting the Appellees’ motion for summary judgment because Miss Phillips received all due process notice required by law and that numerous genuine issues of material fact remain. Although she alleges that she had no knowledge of the proposed sale of the Property, Miss Phillips, the City avers, was served with notice of the writ proceeding as indicated in Mr. Doley’s Affidavit and the attached return showing that an express-mailed letter was received at her address in Pearland, Texas and was signed for by a member of her household. This is compliant with the actual notice requirement of Mennonite Board of Missions v. Adams, 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), it argues.
The City further avers' that at the time the blight judgment was rendered neither Miss Phillips nor the succession had title to the Property. Moreover, public records reflected that only' Mr. Phillips was the owner of the Property. The City avers that Miss Phillips’ failure to notify the City that she was renovating the Property and failure to update public records with a current address resulted in her missing City-issued communications regarding the Property. Any expectation of Miss Phillips to receive communications regarding the Property when she was not the listed owner of record and her address was not listed in public records was unrealistic, according to the City.
Additionally, the City avers that numerous genuine issues of material fact exist, including whether it took all reasonable efforts to provide sufficient notice to |fithe record owner of the Property of the administrative hearing and the notice of the sale..
The City maintains that the citation of the Property, blight adjudication and resulting sale all occurred in full accord with the law. Miss Phillips waived any right to challenge the administrative judgment and enforcement of the same, the hen and sale of the Property because she only took legal action after the sale occurred. Neither Miss Phillips nor the Succession filed an injunction, petition of- appeal, applied for a lien waiver, paid the lien on the Property, or took any other legal action to enjoin the impending sale. Moreover, the City contends that injunctive relief can only be sought prior to sale, under La. Code Civ. Proc. art. 2298.
Lastly, the City argues that a judicial sale of property pursuant to a writ of fieri facias is analogous to a mortgage foreclosure with a financial institution as the creditor through executory process. In a mortgage foreclosure, it contends, a debtor may be estopped from complaining of defects in the executory proceedings and seeking to annul the sale of the property to a third party. First Guaranty Bank, Hammond, La. v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 836 (La.1987). Additionally, this case holds that a debtor is precluded from seeking to annul a sale where no challenge was made to alleged defects that could have been alleged prior to the sale.
Hence, the City argues that Miss Phillips, as the debtor in this instance, is precluded from challenging the sale of the Property because it has been sold and no *1259 challenge was made prior to the sale. However, this matter is distinguishable because Miss Phillips was not the “debtor” as she was not the owner when the blight occurred. Furthermore, though similar, a mortgagor in an executory | proceeding has consented to the executory process as a part of its agreement with the mortgagee, which is factually dissimilar from the matter subjudice.
“Federal and state due process guarantees prevent deprivation of a property interest without fair notice and an opportunity to be heard.” Frank Maraist, 1A La. Civ. L. Treatise, Civil Procedure— Special Proceedings, § 4.11 (2015 ed.). “The Supreme Court held in Mennonite, as previously mentioned, that due process notice requires that an interested party in immovable property be provided actual notice. The United States Supreme Court recognized that the sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment.” Sutter v. Dane Investments, Inc., 07-1268, p. 5 (La.App. 4 Cir. 6/4/08), 985 So.2d 1268, 1266-67, writ denied, 08-2154 (La.11/14/08), 996 So.2d 1091. [Footnotes omitted]. The Supreme Court explained that prior to taking action “which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment, a state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.” Id., 07-1268, p. 5, 985 So.2d at 1267.
The State of Louisiana also .requires notice to the record owner of property. Id., 07-1268, p. 5, 985 So.2d at 1266-67. Mennonite notice is applicable to sheriffs sales. Lack of notice in the matter sub judice would be fatal to the judicial sale of the Property. See Id. “Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a,.proceeding which will adversely affect the liberty or property interests of any party ... if its name and address are reasonably ascertainable.” Mennonite, 462 U.S. at 800, 103 S.Ct. at 2712.
■ | «Regarding blight proceedings in New Orleans, Sec. 26-231 of the Code of the City of New Orleans provides that when a code official determines that a code violation exists “notice, hearing, appeal and all procedures and remedies thereto, including the collection of resultant debts and liens, shall be as provided in Chapter 6, Article II of the Code of the City of New Orleans.” The Property was deemed blighted under Sec. 26-236 of the Code.[4] The notice required for blight proceedings under Sec. 6-36 of the Code of the City of New Orleans is for written notice of violation(s) be provided to the owner(s) stating the municipal address of the subject property, the date of the inspection, as well as information regarding the administrative hearing. Furthermore, Sec. 6-36 provides that:
(c) Prior' to holding ah administrative hearing pursuant to this article, the alleged violator shall be notified at least *1260 15 days in advance» of bhe daté' that such a hearing is scheduled. Notice shall be personally served or sent to the alleged violator by regular and certified or registered U.S, Mail at the address listed in the assessor’s office of the parish. The date of the postmark shall be deemed to be the date of delivery. Any notification so sent and returned by the U.S. Post Office shall be considered as having fulfilled the notification requirement. Proof of notification and attempts at service shall be entered in the record for each case prior to the hearing.
(d) In addition to the service provided in subsection (c), a copy of the notice of violation(s) shall be affixed in a prominent location on the property upon which violation(s) are alleged or, if safe access to the property is |9not reasonably practicable, on some prominent fixture on ,the adjacent public right-of-way as near as possible to the property at least five days in advance of the date of the hearing. It shall be unlawful for any person other than an agent of the city to. remove a notice posted on the public right-of-way prior to the commencement of the hearing. [Emphasis „ added]..
Additionally, we note that sections B(2), D(2) and F(2) of La.Rev.Stat. 13:2575, entitled Blighted or abandoned property; public health, housing, fire code, building code and certain other ordinance violations; administrative adjudication; procedure; appeal; penalties, essentially require parishes with smaller populations than Orleans Parish to provide notice to “property owners and to all mortgagees of record,” as well as using mailing addresses for property owners listed with the parish assessor, essentially requiring review of Conveyance, Mortgage and Assessor records.
Our review of the record further reveals the following facts:
1. A Notiee/Research Checklist conducted as a part of the City’s internal blight process shows that the following records or databases were searched in April 2010 to obtain addresses for Mr. Phillips: the Assessor’s Office, Conveyance, Mortgage, Westláw and Yellowpages.com. An April 7, 2010 search of the Assessor’s, Office’s records reflected that . Mr. Phillips’' mailing address was 2434 Peniston St., New Orleans 70115 for the Property.
' 2. Conveyance records reflected that Mr. Phillips was the owner of the Property until mid-September 2013, when the Judgment of Possession was filed.
3! Miss Phillips’ name and address began appearing in the records of the Assessor’s Office on or around April 14, 2011, When a “Delinquent Tax Notice” from the City for the Property addressed to Mr. Phillips at 201 Eagle Bend Way, Shreveport, LA 71115 was mailed to her on her father’s behalf and stated that $12,964.34 was due to the City by April 30, 2011. This was approximately a month after the appointment of Mr. Doley as curator.
[i04. An e-mail dated June 13, 2011 from Eric Person, the attorney of Mr. Phillips.and Miss Phillips, to Chief Deputy City Attorney Breaux shows that he informed the City of ■Mr. Phillips’ death as well as of Miss Phillips’, request to halt the sale of the Property. He further noted that he was aware that Mr. Doley had not yet completed his curator duties and had npt yet filed the required return evidencing that due process requirements were *1261 met. He requested the sale be postponed, which evidences Miss Phillips’ awareness of an impending sale of the Property and that a writ of fieri facias was in the process of being issued.
5. A “Foreclosure Information Sheet” for the Sheriffs Office that was completed and signed by Chief Deputy City Attorney Tammie Jackson, lists Miss Phillips as a "non-defendant party the City wished to be served. This form is not dated.- However, notice of the sheriffs .sale was not sent to her.
The record reflects that Miss Phillips knew prior to the issuance of the writ of fieri facias that the writ was in the process of being issued. She does not ■ contend that she was not served at the Pearland address. Additionally, as stated above, her attorney, Mr, Person, represented that he was aware of Mr. Doley’s curatorship in the writ proceedings. However, she did not take legal action to halt the sale." Miss Phillips contends that she reached a verbal agreement to renovate the Property to avoid the judicial sale; however, there is no proof of said agreement. Furthermore, the Record also indicates that prior to the September 2013 sheriffs sale, the City knew of Miss Phillips’ existence and was sufficiently alerted that she could be an interested party. However, it did not attempt to serve her with notice of the date of September 5,2013 sheriffs sale.
The facts of this matter, including conflicting and overlapping records, reveal that genuine issues of material fact do exist regarding notice in this matter, such as:
In* whether Miss Phillips was entitled to notice as an interested party when she was not listed, much less as the owner, in public records for two and half years following Mr. Phillips’ death; ■ •
• whether actual notice of the writ proceedings was achieved on Miss Phillips at the Pearland, TX address;
• whether the City was obligated to halt the writ of fieri facias process and resulting sheriffs sale when Miss Phillips knew of the tentatively set June 14, 2011 sheriff sale and sought to halt the sale without taking legal action; and,
• when did the City become aware that Miss Phillips was an interested party, under Mennonite, such that actual notice of the impending. sale was required.
The City could not perform the impossible by providing actual notice to a deceased homeowner. Furthermore, where public records are not promptly updated, it cannot provide notice to unknown interested parties. The record evidences that there wás a period of approximately two and half years — between Mr. Phillips’ death on October 18, 2008 to April 14, 2011, when Miss Phillips’ name and address' may have first appeared in the Assessor’s Office’s records — where Miss Phillips’ name, and address were not listed in the Assessor’s Office’s records.
We note that Miss- Phillips was in a superior position to remedy this situation by: maintaining the Property after her father’s death to prevent’it from becoming blighted; filing a notice of lis pendens[5] in the public records to advise that succession proceedings -were pending; or, updating the public record's with Impertinent infor *1262 mation. Furthermore, when Miss Phillips’ name was added to the Assessor’s Office’s records, she was not listed as an owner in her own right, but only to receive mail on behalf of her father. The addition of her name, nevertheless, was clearly sufficient to alert Mr. Doley to notify her of the writ proceedings through express mail, which he did. Finding that genuine issues of material fact exist as to the sufficiency of notice provided to Miss Phillips of the writ of fieri facias proceeding as well as the sheriffs sale, we reverse the judgment of the district court and remand for further proceedings.
DECREE
For the foregoing reasons, we reverse the December 16, 2014 judgment of the district court and remand for further proceedings.
REVERSED AND REMANDED
McKAY, C.J., dissents.
TOBIAS, J., concurs in the result.
BELSOME, J., dissents for the reasons assigned by Chief Judge McKAY.
LOBRANO, J., concurs in the result.

. The three offices formerly known as Recorder of Mortgages, Register of Conveyances, and Custodian of Notarial Archives began consolidating into the Land Records Division of the Office of the Clerk of Civil District Court for the Parish of Orleans in 2009 and are currently consolidated.-

. The Request was signed on behalf of the City by the Assistant City Attorney at the time, Tammie T. Jackson. The Chief Deputy City Attorney and the City Attorney at the time, Brenda M. Breaux and Nannette Jolivette Brown, respectively, were also listed on the Request.

. The City avers that it had no knowledge of Mr. Phillips’- death until sometime after the Request for Issuance of Writ of Fieri Facias was filed. Additionally, a copy of the signed writ of fieri facias is not in thé record.

. Sec. 26-236 states:
Any vacant commercial or residential premises that is uninhabitable and hazardous because its physical condition constitutes a threat to public health and safety, and any structure thereon lacks the facilities and equipment required by this code, the property may be declared a blight and public nuisance by a hearing officer. Any vacant land that is uninhabitable and hazardous because its physical condition constitutes a threat to public health and safety may be declared a blight and public nuisance by a hearing officer.

. "The pendency of an action or proceeding in any , court, state or federal, in this state affecting the title to, or asserting a, mortgage or privilege on, immovable property does not • constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.” La. Code Civ. Proc. art. 3751.