hWALTZER, J.
Defendant, Lillian Baham Ducksworth (Baham), the former wife of Clifton Ducks-worth appeals a judgment overruling her peremptory exception of res judicata and a judgment finding her in contempt of the trial court’s earlier judgment ordering that Ducksworth have the right to visitation with the couple’s minor daughter.

STATEMENT OF THE CASE

Ducksworth was incarcerated at the Angola State Penitentiary for the crime of second degree murder. While there and while still married, Baham visited her husband together with their minor child regularly on visitation days. Ducksworth, in his absence, obtained a verdict in a civil rights damage case in his favor, resulting in an ultimate settlement of $ 140,000. A power of attorney entitled Baham to sign the settlement papers. Beginning with the receipt of the settlement, the relationship between the couple deteriorated, culminating in the filing of a petition for a divorce by Baham.
bln 1989 the couple was divorced. On 20 September 1994, Ducksworth petitioned for division of community property. On 25 July 1997, he amended his list of the community’s assets to include Baham’s employment benefits.
On 9 October 1997, the trial court heard the evidence concerning the division of property. On 10 December 1997, the trial court rendered a judgment both declaring $ 140,-000 as the separate property of Ducksworth and ordering that Ducksworth have visitation with his minor daughter every other Sunday. On 17 December 1997, Ducksworth filed a Rule to Show Cause Why All Pension and Retirement Benefit Plans Held by the Community at • Lockheed/Martin Should Not Be Partitioned. On the date of. the hearing on this show cause rule, Baham filed numerous peremptory exceptions, alleging that the community had already been partitioned, that Ducksworth did no,t have an executory money judgment for the $140,000 which ordered his former wife to pay a sum certain, but had merely a judgment that categorized $ 140,000 derived from a judgment in favor of Ducksworth as separate property. Baham argued that because Ducksworth had no money judgment, he was not able to examine his former wife as a “judgment debtor”. Ba-ham further argued that the entire matter had already been ruled upon, the judgment declaring the $140,000 as separate property could not be clarified, changed or otherwise *1256 amended, and that any further consideration of separate or community property rights of Ducksworth were res judicata. On 6 March 1998, the trial court denied Baham’s peremptory exception. The trial court further denied Ducksworth’s motion to examine Baham in the capacity as a judgment debtor. On 19 February 1998, Ducksworth filed a Rule for Contempt for Failure to Comply with Visitation Order. After a hearing on this motion on 23 March 1998, the trial court by judgment found Baham in contempt and ordered her to pay a fine of $ 250 and b$ 500 in attorney’s fees. Baham filed a devolutive appeal of the two separate judgments, overruling the peremptory exceptions and finding her in contempt. Ducksworth argues that these judgments are not final, and therefore, are not appealable because of their interlocutory nature. LSA-C.C.P. art. 2083.
PROCEDURAL DEVICE
According to LSA-C.C.P. art. 1841, appeals lie from final judgments only. Final judgments determine the merits of the proceedings in whole or in part Brennan v. Shell Offshore, Inc., 93-1525 (La.App. 4 Cir. 3/29/94), 635 So.2d 429, 431. However, when rulings decide preliminary matters, and such matters do not cause irreparable injury, we consider these rulings interlocutory and non-appealable.- LSA-C.C.P. art. 2083.
Ducksworth sued to partition the couple’s property. Baham appeals a judgment denying her peremptory exceptions and a judgment finding her in contempt and ordering her to pay a fine and attorney’s fees. Neither Baham nor Ducksworth appeal a judgment deciding the merits of the proceedings. The proper method to use when seeking review of an interlocutory order is to apply for supervisory writs. See Fountain v. Waguespack, 93-1077 (La.App. 4 Cir. 7/8/94), 639 So.2d 882; see also DeGruy v. DeGruy, 98-1811 (La.App. 4 Cir. 1/27/99), — So.2d —, 1999 WL 43243. In DeGruy we converted the appeal to a writ, because of our discretionary supervisory jurisdiction and in the interest of judicial economy. State v. Hamilton, 96-0807, (La.App. 4 Cir. 6/7/96), 677 So.2d 539; cf. Krueger v. Cheha-deh, 563 So.2d 1358 (La.App. 4 Cir.1990). We do likewise here.
JiTHE JUDGMENT ON THE PEREMPTORY EXCEPTION
We find three judgments in the record, the 10 December 1997 judgment, the 6 March 1998 judgment, and the 23 March 1998 judgment. The earliest judgment decides the merits in part, but the parties do not appeal this judgment. However, the later judgments, overruling the exceptions and finding Baham in contempt, do not constitute final judgments and we consider them here under our supervisory jurisdiction. Irreparable injury occurs when trial court rulings are not correctable on appeal. Prisk v. Palazzo, 95-1475 (La.App. 4 Cir. 1/19/96), 668 So.2d 415, 416; writ denied 96-0437 (La.4/8/96), 671 So.2d 335. We find no evidence of irreparable injury by the judgment denying Baham’s peremptory exceptions. On that ruling we dismiss Baham’s appeal.
THE CONTEMPT JUDGMENT
Because the judgment finding Baham in contempt orders her to pay a fine and attorney’s fees, we believe that such an interlocutory judgment threatens irreparable injury. Accordingly, we consider the merits of the júdgment finding Baham in contempt and fining her $ 250 and ordering her to pay attorney’s fees in the amount of $ 500.
While Baham asks us to review only the judgment of contempt of the earlier judgment awarding Ducksworth visitation rights with the minor child, she does not ask for review of the earlier judgment awarding visitation rights. Louisiana courts are vested with power to find parties in contempt, and in cases involving visitation orders, courts may fine such parties in an amount “of not more than five hundred dollars.” LSA-R.S. 13:46111(l)(d). Trial courts are vested with great discretion in determining whether a party should be held in contempt. Kirby v. Kirby, 579 So.2d 508, 519 (La.App. 4 Cir. 4/30/91); writ denied 582 So.2d 1308 (La.6/28/91). We review such findings for an abuse of discretion.
A determination of contempt requires a finding that an individual violated a court order intentionally, knowingly, purposefully, and without justification. HCNO Services v. *1257 Secure Computing Systems, 96-1693, 96-1753 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, writ denied 97-1353 (La.9/5/97), 700 So.2d 513.
On 10 December 1997, the trial court ordered that Ducksworth have visitation rights “every other Sunday”. Ducksworth requested that the trial court find Baham in contempt for failing to comply with this judgment. The testimony at the hearing for contempt consisted solely of Duckworth’s testimony. There never was any explanation by Baham why she disobeyed the order of the trial court.
When Baham filed an answer to Dueks-worth’s rule for contempt, she never denied that “in the best interest of the child she had' separated the child from the walls of Angola State Prison”. The child is now 10 years old, well adjusted and an honor student. The record reveals that up until the divorce, Ba-ham travelled to Angola with her daughter every visitation day. Additionally, others transported the minor daughter to visit with her father. Since the divorce, Ducksworth has seen the child approximately three times, in spite of the fact that he is no longer at the Penitentiary in Angola but is now a statewide trustee at the State Police Barracks in Baton Rouge. As such he is a radio maintenance man with considerable responsibility travel-ling around the state to all the sites where there are generators. He is accompanied by a non-armed civilian person. At the Louisiana State Police compound where he is housed, there are no fences and no wires. He is free to leave whenever he wants, with the proviso that he return by 22:30 hours. When there are specified visiting days there are family activities with cookouts. Regular ^visiting day is every Sunday from 09:00 to 15:45 hours. Ducksworth testified that if his former wife would not be able to arrange to bring their daughter to visit him, family members would be glad to do so.
While it is true that the trial court ordered that visitation be afforded every other Sunday, the trial court never specifically spelled out the time and place and the method of transportation, all matters of great importance when we consider the unique circumstances of this case.
On the other hand, Baham testified that no one ever contacted her as to visitation arrangements. Moreover, she explained that her daughter did not want to visit her father at the state prison. We are not persuaded that visitation at the State Police Barracks in Baton Rouge, an approximately one and half hour drive each way, in a relaxed surrounding, would be more arduous than the visits made by the child years ago at the State Penitentiary in Angola, a trip which is long and tiring, lasting a whole day. While at the State Penitentiary, Ducksworth did not nearly have the relative freedom he enjoys as a state trustee. There is no reason why reasonable hours and times cannot be established to allow visitation between father and daughter. However, it is precisely because the judgment of 10 December 1997 lacks specificity as to times and methods of transportation, as well as the lack of proof that Baham intentionally, knowingly, purposefully and without justification, chose to disobey the court’s order of visitation, that the finding of contempt was an abuse of discretion. We are very hesitant tó reverse the trial court’s decision, but we do not believe that the record establishes Baham’s contempt. Given the acrimony between the litigants in this matter, the trial court is to establish clear guidelines of visitation either at the State Police Barracks in Baton Rouge or wherever Dueksworth is able to visit with his daughter every other Sunday.
JtCONCLUSION
For the reasons discussed above, we find that Baham appeals two interlocutory judgments. We find that the interlocutory judgment, finding Baham in contempt and fining her $ 250 as well as ordering her to pay $ 500 in attorney’s fees threatens irreparable injury. Accordingly, under our supervisory power we have converted Baham’s appeal to a writ on that issue. The ruling pertaining to the exception is interlocutory and does not threaten irreparable harm. Accordingly, we decline to exercise our supervisory jurisdiction on this ruling and dismiss the appeal on that issue. The ruling - finding Baham in contempt, fining her and ordering her to pay attorney’s fees is REVERSED. The matter *1258 is REMANDED for farther proceedings consistent with this Court’s opinion.

APPEAL DISMISSED IN PART, CONTEMPT CITATION REVERSED.