| .EDWARDS, Judge.
The State of Louisiana, through the Department of Transportation and Development (“DOTD”), appeals a judgment of the district court granting plaintiff Yvonne Du-frene’s Motion to Enforce Judgment. For the following reasons we affirm.
On December 7, 1990, a collision occurred between a truck driven by John Willingham and a van occupied by Dennis Dufrene and his wife Yvonne. Mr. Du-frene was killed and Mrs. Dufrene was seriously injured. On August 13, 1991, Yvonne Dufrene, individually and on behalf of her children, brought suit against Will-ingham, his employer, and their various insurers. On June 24, 1993, Mrs. Dufrene supplemented her petition to include the DOTD as a defendant. On August 21, 1997, judgment was entered in favor of Dufrene and against Willingham, his insurer, and DOTD. The judgment assigned DOTD 80% comparative negligence and Willingham 20% of the fault. Total damages were ^assessed at $2,592,680.25 with “interest on this judgment [to] run at the legal rate from date of judicial demand”.
That judgment was appealed and ultimately affirmed by this court.[1] In that appeal, DOTD raised 29 assignments of error, none of which related to the ques *610 tion of interest due on the judgment. In fact, none of the parties to the appeal raised that particular issue. On March 12, 1999, the Supreme Court denied writs.[2] In due course, Mrs. Dufrene filed a Rule to Tax Costs. On May 7, 1999, DOTD made partial satisfaction of the judgment, paying Dufrene $3,063.687.30. That amount represented the principal plus judicial interest from June 28, 1993 (the date on which Mrs. Dufrene impleaded DOTD) through May 7, 1999. Because interest from the date suit was originally filed against Willingham was not included in the payment, Mrs. Dufrene reserved the right to litigate the disputed amount of interest due.
Mrs. Dufrene filed a Motion to Enforce Judgment, requesting that the court order DOTD to pay judicial interest calculated from the date of original judicial demand, August 31, 1991. Following a hearing on the motion, the trial court rendered judgment in favor of Mrs. Dufrene, and ordered that judicial interest is to run from August 31, 1991, continuing on any unpaid amount of the judgment until paid. It is this judgment which is presently on appeal.
Mrs. Dufrene filed a Motion to Dismiss the present appeal, urging that DOTD is attempting to appeal the original judgment for a second time. However, the appeal before us is taken from the judgment on the Motion to Enforce which was filed by Mrs. Dufrene in the district court. In the Motion to |4Pismiss, Mrs. Dufrene avers that the original judgment is final and definitive, and that relitigation of the interest issue is precluded by res judicata. Although the issue presented involves matters contained in the original judgment, the matter before us is from a second judgmént on a separate action in the district court. We find the instant appeal is properly before us at this time. The Motion to Dismiss is denied.
On appeal, DOTD avers that in entering the original judgment, the trial court intended that Louisiana laws pertaining to judicial interest control the interest due under the judgment, citing La. R.S. 13:4203. DOTD then urges that the determination that the State must pay interest from 1991 is irreconcilable with Civ. Code art.2000, and further, that La. R.S. 13:5112(C) mandates that interest against the State should begin to run only after demand has been made from the State.
A similar question has previously been before this court. Louisiana Power & Light Co., questioned the interpretation of a judgment in its favor against the St. Charles Parish School Board which granted a refund of taxes plus “interest earned on the money”.[3] That judgment was affirmed on appeal. After that judgment became final, the School Board refused to refund interest at the statutory rate but instead computed interest according to the bank rate actually earned on the money. LP & L filed a Rule For Interpretation of Judgment in the trial court, averring that interest was due at the statutory rate. The trial court dismissed the motion, finding that the relief sought “would require modification, not interpretation, of the Judgment .... and that such modification was possible Ronly by appeal.” We affirmed, stating as follows:
The judgment in question provided for reimbursement of “the interest earned on the money.” This judgment is final. The substance of a final judgment may not be amended. La.C.C.P. art. 1951. The terms “legal interest” and “interest earned” are different terms with distinctly different meanings. The trial court used the term “interest earned”, whether legally correct or not, and that *611 judgment is now final. Relator’s remedy, in order to obtain “legal interest”, if it were dissatisfied with the judgment as written, was either by motion for new trial or by appeal. LP & L sought neither. To hold now that LP & L is entitled to “legal interest” would be to allow a substantive amendment of a final judgment, contrary to law.[4]
Although the matter on appeal began as a motion filed by Mrs. Dufrene, the reasoning and result must be the same. The Motion to Enforce Judgment was an effort to have the judgment executed as written. Had the trial court come to any conclusion other than to reiterate its original language, the effect would have been an impermissible modification of a final, definitive judgment.
At this juncture we emphasize the earlier appeal taken by DOTD and its failure to contest interest at that time. We recognize that the interest statutes arise by operation of law.[5] However, even had we determined that in this case interest is a viable issue, the result must be the same.[6]
The version of La. R.S. 13:5112(0) in effect when Mrs. Dufrene’s cause of action arose and when suit was initially filed, read:
Legal interest on any claim for personal injury or wrongful death shall accrue at six percent per annum from the date of judicial demand until the judgment thereon is signed by the trial judge in accordance with Code of Civil Procedure Article 1911. Legal interest accruing subsequent to the signing of the judgment shall be Pat the rate fixed by Civil Code Article 2924.
Acts 1993, No. 431, effective June 9, 1993, inserted the phrase “service is requested following” preceding “judicial demand” in the first sentence of subsection C. Although this provision had been declared unconstitutional by the Supreme Court[7], a constitutional amendment passed in 1995 gave the legislature the discretion to apply the interest provisions of R.S. 13:5112(C).[8] That additional phraseology changes the amount of interest due in personal injury cases by changing the date from which interest begins to accrue and is substantive in nature. It cannot be applied retroactively and it is the version in effect at the time of the filing of this petition which controls the award of interest in this case.
While the current version of 13:5112(C) supports DOTD’s contention that in personal injury cases, interest running against the State does not [necessarily] relate back to the filing of the original petition, the applicable version does not. Regarding the date of judicial demand, this court has determined that interest against a solidary obligor added as a defendant by supplemental petition ran from the date the solidary obligor was sued rather than from the date of the amending petition adding the manufacturer.[9]
For all of the above reasons, we find no manifest error in the judgment of the trial court ordering that interest is due from *612 the date of the filing of the original petition. The judgment is affirmed.
AFFIRMED.

. Dufrene v. Willingham, 97-1239 (La.App. 5 th Cir. 10/28/98), 721 So.2d 1026.

. Dufrene v. Willingham, 99-0032, (La.3/12/99), 739 So.2d. 212.

. Louisiana Power & Light Co. v. Parish School Bd. of Parish of St. Charles, 93-249 (La.App. 5 th Cir. 2/11/94), 639 So.2d 760; writ denied 94-CC-0604 (La.4/22/94), 640 So.2d 1317.

. Id., at p.762-763.

. See Salter v. State Through Dept. of Health and Human Resources, 612 So.2d 163, 166 (La.App. 1 Cir.1992).

. In Salter, supra, the appeal involved assessment of an statutorily incorrect percentage of interest. It is distinguishable on its facts and further, as it arises out of the First Circuit, is not controlling.

. Rick v. State of Louisiana, Department of Transportation and Development, 630 So.2d 1271 (La.1994).

. For a more complete discussion of the history of the statute, see Lewis v. State, 96-1586, (La.App. 1st Cir. 12/20/96), 685 So.2d 640.

. Detillier v. Sullivan, 96-274, (La.App. 5 th Cir. 5/27/98), 714 So.2d 244; writ denied 98-1746, (La. 10/16/98), 727 So.2d 442. See also Rivard v. Petroleum Transport Co., 95-0431 p. 6 (La.App. 4 Cir. 9/28/95); 663 So.2d 755, 759.