**CROWN PINE TIMBER 4, LP**      *      NO. 2020-CA-0356

**VERSUS**      *

     **COURT OF APPEAL**

**CROSBY LAND &**      *
**RESOURCES, L.L.C. F/K/A**      **FOURTH CIRCUIT**
**CROSBY CHEMICALS, INC.**      *

     **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06871, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Rosemary Ledet, Judge Tiffany G. Chase)

E. Paige Sensenbrenner
Diana Cole Surprenant
Leigh Ann Schell
ADAMS AND REESE, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139

James W. Perkins (admitted pro hac vice)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

Rita M. Alliss Powers (admitted pro hac vice)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

       COUNSEL FOR PLAINTIFF/APPELLEE

Peter J. Rotolo, III
E. Howell Crosby
Amy L. McIntire
CHAFFE McCALL, L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300

COUNSEL FOR DEFENDANT/APPELLANT

**EXCEPTIONS DENIED; APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED NOVEMBER 25, 2020**

*TGC*
*EAL*
*RML*

Crosby Land & Resources f/k/a Crosby Chemicals, Inc. (hereinafter "Crosby") appeals the trial court's March 3, 2020 judgment on Crown Pine Timber 4, LLC's (hereinafter "Crown Pine") motion to enforce judgment. In this Court, Crown Pine has filed exceptions of *res judicata* and lack of jurisdiction seeking to dismiss Crosby's appeal. After consideration of the record before this Court and the applicable law, we deny Crown Pine's exceptions, convert Crosby's appeal to a supervisory writ, grant the writ, and deny the relief requested.

## FACTUAL AND PROCEDURAL BACKGROUND

Crosby is the owner of timberland in the parishes of Beauregard, Allen, Vernon, Calcasieu, and Rapides. Pursuant to a surface lease agreement, Crown Pine leased this timberland and had certain rights and obligations under the surface lease. In January 2016, Crosby filed a Petition for Specific Performance in the 36th Judicial District Court for the Parish of Beauregard (hereinafter the "36th JDC") seeking the production of documents and other materials required under the surface lease. Both parties alleged breaches of the surface lease and requested declaratory judgments as to its interpretation. In response, Crown Pine filed a Dilatory Exception of Prematurity arguing the surface lease contained an

1

arbitration clause. The 36th JDC granted Crown Pine's exception and the matter proceeded to arbitration in Orleans Parish in February and March of 2019. On June 20, 2019, the arbitrator rendered a seventy-five page opinion, entitled the "Confidential Final Award," detailing her rulings on the declaratory judgments and requests for damages (hereinafter the "Arbitration Award").

On July 1 2019, Crown Pine filed a Petition to Confirm Arbitration Award in Civil District Court for the Parish of Orleans (hereinafter "the trial court"), attaching the Arbitration Award as an exhibit.[1] Crown Pine also filed an *Ex Parte* Motion to File Confidential Final Award Exhibit Under Seal, averring the Arbitration Award contained "commercially sensitive and proprietary business information." The trial court denied the *ex parte* motion and set the matter for a contradictory hearing. Crosby filed an answer to Crown Pine's Petition to Confirm Arbitration Award, joined in its confirmation but disputed the language to be included in the judgment. Crosby also opposed the sealing of the Arbitration Award. Despite their disagreement on the issue of sealing, the parties attempted to reach an agreement on the decretal language necessary to confirm the numerous provisions of the Arbitration Award. After failing to reach an agreement, Crown Pine filed a motion to remand the matter back to the arbitrator for clarification and assistance with drafting the decretal language.

A hearing on the pending petition and motions took place on September 20, 2020. The rulings issued from the bench were reduced to a written judgment signed on October 22, 2020 (hereinafter the "October Judgment"). The trial court continued the hearing as to the Petition to Confirm Arbitration Award and ordered

---

[1] "At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award… ." La. R.S. 9:4209.

2

the parties to make further attempts to reach an agreement on their outstanding issues of the decretal language and sealing of the Arbitration Award. In the interim, the trial court granted Crown Pine's *Ex Parte* Motion to File Confidential Final Award Exhibit Under Seal "for now pending further order from [the trial court]."[2]

The parties continued their efforts to resolve their disputes including an informal off-the-record appearance with the trial court for additional guidance. The trial court requested supplemental briefing on the issue of sealing the Arbitration Award and the parties submitted competing proposed draft judgments attached to their briefing.

On October 28, 2019, the trial court emailed the parties its proposed draft judgment. The first decretal paragraph states:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition to Confirm Arbitration Award filed by [Crown Pine] and joined by Crosby be and is hereby GRANTED and the Confidential Final Award rendered by Arbitrator Ashley Belleau in the arbitration entitled *Crown Pine Timber 4, LP v. Crosby Land & Resources, L.L.C. f/k/a Crosby Chemicals, Inc.*, in American Arbitration Association Case No. 01-17-0001-9989, dated June 20, 2019, and filed into the record under seal, is confirmed in its entirety and made the Judgment of this Court in conformity with the Award as set forth herein.

Both Crown Pine and Crosby signed the judgment and Crosby submitted the judgment to the trial court. On November 6, 2019, the trial court signed the judgment, entitled "Consent Judgment on Petition to Confirm Arbitration Award," and it was entered into the record the same day (hereinafter the "Consent Judgment").

---

[2] In addition, the trial court ordered the pleadings and exhibits to pleadings that contained references to the Arbitration Award sealed.

3

On November 26, 2019, Crosby returned to the 36th JDC in Beauregard Parish and filed an *Ex Parte* Motion to Make Judgment Executory[3] and an *Ex Parte* Motion to File Arbitration Award in the Public Record and Not Under Seal. Declining to grant the motions *ex parte*, the 36th JDC set the matter for a contradictory hearing.

On December 13, 2019, in Orleans Parish, Crown Pine filed a motion to enforce judgment averring that Crosby had disregarded the trial court's prior October Judgment and Consent Judgment. Crosby opposed the motion arguing, as it did to the 36th JDC, that the trial court never issued a final judgment on the issue of sealing or, alternatively, that the 36th JDC is not bound by the trial court's decision to seal the Arbitration Award in the Orleans Parish record.

The trial court, in Orleans Parish, conducted a hearing on January 31, 2020 wherein it granted in part Crown Pine's motion to enforce judgment. The judgment was reduced to writing on March 3, 2020 (hereinafter the "Enforcement Judgment"). The decretal language provides as follows:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Enforce Judgments of this Court is GRANTED IN PART, to the extent of confirming that (a) the Judgment of this Court entered on October 22, 2019, sealing the documents specified therein "pending further order from this Court[,"] is final as there were no further orders changing that determination, (b) the Court's Consent Judgment orders, adjudges and decrees that the Confidential Final Award is to remain filed under seal, and (c) the document reflecting the relief granted to the parties in the Confidential Final Award in decretal language to be made part of the public record is the Consent Judgment; and
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Crosby Land & Resources, L.L.C. f/k/a Crosby Chemicals, Inc. is bound by this Court's final October 22, 2019

---

[3] In a footnote in this pleading, Crosby summarized the Orleans Parish proceedings and attached copies of the pleadings for the 36th JDC's reference.

4

Judgment and November 6, 2019 Consent Judgment, including the decretal that the Confidential Final Award shall remain under seal.

On March 17, 2020, Crosby filed a motion to appeal the Enforcement Judgment which the trial court signed granting a suspensive appeal. This appeal followed.

## EXCEPTIONS OF *RES JUDICATA* AND JURISDICTION

Crown Pine, for the first time on appeal to this Court, submits exceptions of *res judicata* and lack of jurisdiction. *See* La. C.C.P. art. 2163 (peremptory exceptions filed for the first time in an appellate court may be considered if proof of the ground of the exception appears in the record). Specifically, Crown Pine avers that Crosby, in appealing the Enforcement Judgment, is inappropriately seeking review of the October Judgment and the Consent Judgment. Crown Pine argues the Consent Judgment is *res judicata* and that this Court lacks jurisdiction over the instant appeal because consent judgments are non-appealable judgments. In the alternative, Crown Pine contends that the time delay for filing an appeal on the Consent Judgment has expired. *See Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch*, 2014-1020, pp. 10-11 (La.App. 4 Cir. 3/18/15), 163 So.3d 201, 208-09.

The doctrine of *res judicata* provides that "a valid and final judgment is conclusive between the same parties." La. R.S. 13:4231. To succeed on an exception of *res judicata*, the jurisprudence has established that the moving party must prove five requisite elements.[4] *See Heaton v. Chaisson*, 2019-0331, p. 5 (La.App. 4 Cir. 9/11/19), 280 So.3d 289, 294. However, application of these

---

[4] These elements are: 1) the judgment is valid; 2) the judgment is final; 3) the parties are the same; 4) the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation; and 5) the cause of action in the second suit arose out of the same transaction or occurrence that was the subject matter of the first litigation. *Chevron U.S.A, Inc. v. State*, 2007-2469, p. 10 (La. 9/8/08), 993 So.2d 187, 194 (quoting *Burguieres v. Pollingue*, 2002-1385, p. 7 (La. 2/25/03), 843 So.2d 1049, 1053).

5

elements is not appropriate in this instance given the procedural history. *Res judicata* only operates to preclude re-litigation "with respect to any issue actually litigated and determined if its determination was essential to that judgment." La. R.S. 13:4231(3).

The pivotal issue of Crosby's appeal is the trial court's ruling on the Enforcement Judgment. The Consent Judgment, and the issues finalized therein, is not before this Court in the present appeal. Thus, the "judgment" considered in the first two elements required for *res judicata*, would refer to the Consent Judgment and not the Enforcement Judgment. *See Heaton*, *supra*. A trial court's judgment on a motion to enforce is an interlocutory judgment and the proper method to use when seeking review of an interlocutory judgment is to apply for supervisory writs. *Ducksworth v. Ducksworth*, 98-1812, p. 3 (La.App. 4 Cir. 1/27/99), 727 So.2d 1254, 1256; *See also Fountain v. Waguespack*, 93-1077 (La.App. 4 Cir.7/8/94), 639 So.2d 882 and *New Orleans Firefighters Ass'n Local 632 v. City of New Orleans,* 1999-0011, pp. 5-6 (La.App. 4 Cir. 11/24/99), 750 So.2d 1069, 1072-73. We therefore deny Crown Pine's exceptions of *res judicata* and lack of jurisdiction.

A *sua sponte* review of the Enforcement Judgment reveals that it is not a final appealable judgment. The Enforcement Judgment does not determine the merits as to the confirmation of the Arbitration Award or the issue of sealing. *See* La. C.C.P. art. 1841; *New Orleans Firefighters Ass'n Local 632*, *supra*. Nevertheless, this Court has discretion to convert an appeal to an application for supervisory writ provided that the motion for appeal is filed within the thirty-day period allowed for the filing of applications for supervisory writ. *Rousse v. United Tugs, Inc.*, 2017-0585, pp. 3-4 (La.App. 4 Cir. 12/20/17), 234 So.3d 1179, 1182-83

(citations omitted). Crosby's motion to appeal was filed two weeks after the signing of the Enforcement Judgment, within the thirty-day time period. Accordingly, we convert Crosby's appeal into a supervisory writ.

## DISCUSSION

Crosby seeks to frame the issue on review by suggesting the trial court altered the Consent Judgment as well as questioning whether the ruling of the Orleans Parish trial court's decision is binding on other trial courts. However, as discussed above, the pivotal issue on supervisory review is whether the trial court erred in granting Crown Pine's motion to enforce the judgment. "A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." La. C.C.P. art. 191. "The execution of a judgment is ancillary to the judgment itself and [a] trial court ha[s] inherent authority to enforce its judgment…." *RJAM, Inc. v. Miletello*, 50,983, p. 8 (La.App. 2 Cir. 1/13/17), 214 So.3d 906, 912. Similarly, in contempt proceedings, the authority of a court falls within its inherent power to aid in the exercise of its jurisdiction and enforce its lawful judgments. *Streiffer v. Deltatech Construction, LLC*, 2019-0990, p. 4 (La.App. 4 Cir. 3/25/20), 294 So.3d 564, 569 (citations omitted). Thus, we review the exercise of a trial court's power to enforce its judgments under an abuse of discretion standard. *See Streiffer*, 2019-0990, p. 9, 294 So.3d at 573 (pertaining to contempt). The broad deference given to a trial court under an abuse of discretion standard requires that the trial court committed no error of law and was not manifestly erroneous in its factual findings. *See Yokum v. Pat O'Brien's Bar, Inc.*, 2012-0217, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80.

7

"A trial court's authority on a motion to enforce a final judgment is limited to enforcing its judgment as written." *Bates v. City of New Orleans*, 2013-1153, 2013-1587 p. 14 (La.App. 4 Cir. 3/26/14), 137 So.3d 774, 784 (citing *Dufrene v. Willingham*, 1999-1153, p. 5 (La.App. 5 Cir. 4/25/00), 761 So.2d 608, 611). The trial court issued the Enforcement Judgment which sought to enforce the terms of the Consent Judgment. The first decretal paragraph of the Consent Judgment grants Crown Pine's Petition to Confirm Arbitration Award which requested that the Arbitration Award "shall remain under seal." The same paragraph also decrees the Arbitration Award is "filed into the record under seal." *See Succession of Regan*, 12 La.Ann. 156, 157 (1857) (a judgment should be interpreted objectively with reference to the pleadings and subject matter of the controversy). Tracking the language of the Consent Judgment, the Enforcement Judgment grants Crown Pine's motion to enforce judgment "to the extent of confirming … the [trial court's] Consent Judgment orders, adjudges, and decrees that the [Arbitration Award] is to remain filed under seal."[5] The clear language of the Consent Judgment is that the Arbitration Award would remain filed under seal in Orleans Parish, thus the language contained in the Enforcement Judgment merely enforces the Consent Judgment as written. We therefore find the trial court did not abuse its discretion in granting Crown Pine's motion to enforce judgment.

It is well-settled that "[a] trial court has discretion in the sealing of a court record." *Patterson v. Charles*, 2019-0333, p. 25 (La.App. 4 Cir. 9/11/19), 282 So.3d 1075, 1091 (citations omitted). Thus, issues regarding sealing a judicial record is both case and court specific. *Id*. In the case *sub judice*, the trial court's

---

[5] The Enforcement Judgment also confirmed no further orders changed the October Judgment's decree that the Arbitration Award was to remain under seal pending further orders from the trial court.

8

ruling on the issue of sealing the record is not binding on another trial court also tasked with determining enforcement of the Consent Judgment. As such, the 36th JDC retains the discretion of sealing the record in its case regarding the issues presented surrounding enforcement of the Consent Judgment.

## DECREE

For the foregoing reasons, we deny Crown Pine's exceptions; convert Crosby's appeal to a supervisory writ; grant the writ; and deny the relief requested.

**EXCEPTIONS DENIED; APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED**