| COLETTA HUMMEL | * | NO. 2021-CA-0226 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| REGIONAL TRANSIT | * | |
| AUTHORITY AND/OR | | FOURTH CIRCUIT |
| TRANSDEV SERVICES, INC. | * | |
| (FORMERLY KNOWN AS | | STATE OF LOUISIANA |
| VEOLIA TRANSPORTATION | * * * * * * * | |
| SERVICES, INC.) AND NIGEL | | |
| TALLEY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-06965, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Tiffany Gautier
Chase, Judge Dale N. Atkins)

Charles M. Thomas
Brian Marcelle
Alex T. Robertson
HUBER THOMAS & MARCELLE, LLP
1100 Poydras Street, Suite 2200
New Orleans, LA 70163

    COUNSEL FOR PLAINTIFF/APPELLANT

Geraldine Broussard Baloney
Abril B. Sutherland
Jose Carlos Mendez
BROUSSARD BALONEY LAW FIRM
3852 Napoleon Avenue
New Orleans, LA 70125

    COUNSEL FOR DEFENDANT/APPELLEE

       **APPEAL CONVERTED TO SUPERVISORY WRIT;**
       **WRIT GRANTED; RELIEF DENIED**

       **NOVEMBER 10, 2021**

TGC
JFM
DNA

Coletta Hummel (hereinafter "Ms. Hummel") seeks review of the trial court's January 26, 2021 judgment denying her motion to enforce settlement. For the reasons that follow, we convert Ms. Hummel's appeal to a supervisory writ, grant the writ, and deny the relief requested.

## FACTS AND PROCEDURAL HISTORY

On April 15, 2016, Ms. Hummel sustained injuries when she was struck by a bus driven by defendant Nigel Talley which was owned by the Regional Transit Authority (hereinafter "the RTA"), a political subdivision. Ms. Hummel filed a petition for damages, naming as defendants Mr. Talley; his employer, TransDev Services; and the RTA. The parties maintain that four days prior to trial, on June 22, 2020, the RTA agreed to settle the case for $225,846.86. On July 22, 2020, Ms. Hummel sent a letter to the RTA, which provided:

> Please allow this letter to confirm that Ms. Hummel has accepted the RTA's offer to pay $225,000 plus costs of $846.86 to resolve all matters between the parties in this lawsuit. We ask that the funds be made payable to 'Coletta Hummel and Huber Thomas & Marcelle, LLP.' Our firm's Tax ID number is [XX-XXXXXXX] and I have included our W-9 for reference. If you need anything further from us to process this settlement, please contact us.

On September 11, 2020, following numerous emails, Ms. Hummel filed a motion to enforce settlement. She maintained that the RTA failed to pay the

settlement or forward the requisite settlement documents. Ms. Hummel sought a judgment from the trial court ordering the RTA to immediately remit the settlement funds. The RTA opposed the motion to enforce settlement maintaining that it is a political subdivision and funding for its settlements requires legislative approval. The RTA further argued that installment payments were already initiated and judicial intervention was not warranted. The RTA's argument was premised on the fact that after Ms. Hummel filed the motion to enforce settlement the parties executed "The Release and Indemnity Agreement" on November 11, 2020, which does not contain any language stating the manner in which payment would be submitted. Ms. Hummel subsequently filed a reply brief asserting that the parties never agreed to installment payments and reiterated her position that the settlement should be paid in a lump sum.

At the hearing on the motion to enforce settlement, the trial court orally denied the motion, and signed a written judgment on January 26, 2021.[1] In its reasons for judgment, the trial court stated that there are limitations on the judiciary's ability to order governmental entities as to how settlement payments should be executed. It also noted that there was insufficient evidence to compel a lump sum payment. This appeal followed.

## MOTION TO DISMISS APPEAL

After the appeal was filed, the RTA filed a motion to dismiss the appeal contending that this Court lacks jurisdiction. The RTA argues that Ms. Hummel failed to properly invoke the jurisdiction of this Court because the trial court's judgment on the motion to enforce settlement is an interlocutory judgment that is

---

[1] The Notice of Signing of Judgment is dated February 22, 2021.

2

not appealable. The RTA also asserts that Ms. Hummel's notice of appeal fails to seek any specified relief. Although the RTA has raised the issue of whether this Court has jurisdiction to review the trial court's judgment, we recognize that appellate courts have the duty to examine *sua sponte* whether subject matter jurisdiction exists. *See Crown Pine Timber 4, LP v. Crosby Land & Res., L.L.C.*, 2020-0356, p. 6 (La.App. 4 Cir. 11/25/20), 311 So.3d 434, 439. The trial court's January 26, 2021 judgment denies Ms. Hummel's motion to enforce settlement and does not dispose of the matter in its entirety.[2] A trial court's judgment denying a motion to enforce settlement is an interlocutory judgment. *New Orleans Firefighters Ass'n Local 632 v. City of New Orleans*, 1999-0011, p. 5 (La.App. 4 Cir. 11/24/99), 750 So.2d 1069, 1072.

The proper method to seek review of an interlocutory judgment is through an application for supervisory writs. *See Id.*; *Gerhold v. Giles*, 2011-0992, p. 9 (La.App. 4 Cir. 1/25/12), 83 So.3d 1170, 1175; *Ducksworth v. Ducksworth*, 1998-1812, p. 3 (La.App. 4 Cir. 1/27/99), 727 So.2d 1254, 1256. Accordingly, in the interest of justice, and considering that this appeal was filed within the delays allowed for applying for supervisory writs[3], we convert the pending appeal to an application for supervisory writs and review the matter under our supervisory jurisdiction. *See Kurz v. Milano*, 2008-1090 (La.App. 4 Cir. 2/18/09), 6 So.3d 916; *Lalla v. Calamar, N.V.*, 2008-0952 (La.App. 4 Cir. 2/11/09), 5 So.3d 927; *800*

---

[2] Ms. Hummel's motion to compel the deposition of the RTA's corporate representative remains outstanding.

[3] *See* Uniform Rules-Courts of Appeal, Rule 4-3, in pertinent part:

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914.

3

*Iberville St. Ltd. P'ship v. V Rest. Grp., L.L.C.*, 2016-0799 (La.App. 4 Cir. 6/7/17), 221 So.3d 205.

**DISCUSSION**

Ms. Hummel asserts three assignments of error on appeal relative to the denial of her motion to enforce settlement. However, we find the threshold issue before this Court is whether the trial court erred in refusing to compel the RTA to pay the settlement in a lump sum. Ms. Hummel asserts that despite the RTA's status as a political subdivision[4], it could be ordered to pay the settlement in a lump sum. The determination of whether a political subdivision can legally be required to pay a settlement in a specific manner is purely a question of law. "Questions of law are reviewed by appellate courts *de novo*, without deference to the legal conclusions of the lower court." *Washington v. Cannizzaro*, 2020-0470, p. 7 (La.App. 4 Cir. 3/17/21), 317 So.3d 826, 832-33 (citing *Louisiana Mun. Ass'n v. State*, 2004-0227, p. 35 (La. 1/19/05), 893 So.2d 809, 836).

La. R.S. 13:5109, which governs the State's authority to compromise and settle claims presented through litigation, provides in pertinent part:

> Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or ***any compromise reached in favor of the plaintiff or plaintiffs in any such suit*** shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.

La. R.S. 13:5109(B)(2) (emphasis added). A settlement compromise is an agreement which, when properly executed, a party can seek to have enforced through a judgment obtained from a motion to enforce settlement. *See Banque De*

---

[4] In her petition for damages, Ms. Hummel names RTA as a political subdivision of the State of Louisiana. Thus, there is no dispute that RTA is a political subdivision.

*Depots v. Bozel Mineracao E Ferroligas*, 1998-0742, p. 10 (La.App. 4 Cir. 1/27/99), 728 So.2d 533, 538. However, "[a] court's power to hold a political subdivision in contempt in order to punish it or coerce it to pay a money judgment is prohibited by certain Louisiana provisions of the constitution, statutory laws and jurisprudential authorities." *Plaquemines Par. Gov't v. Hinkley*, 2019-0929, p. 5 (La.App. 4 Cir. 4/22/20), ___ So.3d ___, 2020 WL 1937301 *3.

Three distinct branches of the government are established by Article II, § 1 of the Louisiana Constitution: the legislative, executive, and judicial. La. Const. art. II, § 2 states, "[e]xcept as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." Therefore, "[t]his trichotomous branching of authority furnishes the basis for the existence of an inherent judicial power which the legislative and executive branches cannot abridge. Similarly the judicial branch may not usurp those powers which are vested in the other two branches." *Plaquemines Par. Gov't*, 2019-0929, p. 6, 2020 WL 1937301 at *3 (quoting *Hoag v. State*, 2004-0857, p. 4 (La. 12/1/04), 889 So.2d 1019, 1022).

Nevertheless, Article XII, § 10(A) of the Louisiana Constitution allows the judiciary some power over the other branches by waiving the State's immunity in suits in contract and tort. *Plaquemines Par. Gov't*, 2019-0929, p. 6, 2020 WL 1937301 at *3; *See also Jones v. City of Baton Rouge-E. Baton Rouge Par.*, 388 So.2d 737, 740 (La. 1980). As such, the judicial branch is empowered to render judgments against the State. *Plaquemines Par, Gov't*, 2019-0929, p. 6, 2020 WL 1937301 at *3 (citation omitted). "However, the constitution does not provide the judiciary with the ability to force when and ***how*** the legislative branch of government should pay those monetary judgments. That power of choice is

5

specifically and exclusively reserved to the legislative branch of government… ."
*Id*. (emphasis added).

"[T]he jurisprudence is replete with cases that speak only to the fact that when a 'judgment' is rendered against a legislative body, only the legislative body has the authority to determine when and ***how*** that judgment should be paid." *Plaquemines Par. Gov't*, 2019-0929, p. 10, 2020 WL 1937301 at *5 (emphasis added); *See also Hoag*, 2004-0857, 889 So.2d at 1024-26; *Newman Marchive P'ship, Inc. v. City of Shreveport*, 2007-1890 (La. 4/8/08), 979 So.2d 1262; *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 2001-0089 (La.App. 4 Cir. 3/27/02), 814 So.2d 648.

At the hearing on Ms. Hummel's motion to enforce settlement the trial court stated:

> [B]ecause of the nature of the [RTA] being a governmental entity, and the limitations on governmental entities in paying out settlements, [t]he Court's going to deny the motion to enforce. The Court will recognize that there's been an amount tendered pursuant to the representations of Counsel for both parties, that there's been a tendered amount – there's been a tender of $25,000.00, and whatever those terms are as to what the [RTA] has agreed to pay shall be enforced as such. But as far as the lump sum payment, [t]he Court's not going to compel the [RTA] to make a lump sum payment. The Court does recognize that there is a settlement, and [t]he Court does recognize that pursuant to the representations made by counsel that those $25,000.00 payments shall be made in quarterly installments. And that's the order of [t]he Court.

The trial court correctly determined that the RTA's status as a political subdivision limits the trial court's ability to dictate the manner in which the RTA pays its settlements. The judicial branch does not have the authority to determine how compromises of suits against political subdivisions, such as the RTA, should be paid.   As such, the trial court did not err in denying Ms. Hummel's request to

enforce the settlement payment as a lump sum because the RTA is a political subdivision.

## DECREE

For the foregoing reasons, we convert the appeal to a supervisory writ, grant the writ, and deny the relief requested. The trial court's January 26, 2021 judgment denying Ms. Hummel's motion to enforce settlement is affirmed.

**APPEAL CONVERTED TO SUPERVISORY WRIT;**
**WRIT GRANTED; RELIEF DENIED**